UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00311-MR

| | |
|---|---|
| TEVIN PATTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU SHIELDS, )<br>)<br>Defendant. )<br>_____ ) | <u>ORDER</u> |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.     BACKGROUND**

Pro se Plaintiff Tevin Patton ("Plaintiff") is a North Carolina state inmate currently incarcerated at Foothills Correctional Institution ("Foothills") in Morganton, North Carolina. He filed this action on October 19, 2021, pursuant to 42 U.S.C. § 1983, naming FNU Shield, identified as Sergeant at Foothills, as the sole Defendant. [Doc. 1]. Plaintiff asserts a "use of force claim," alleging only that, on September 2, 2021, while in the Foothills segregation dayroom, he "was placed in a choke hold from behind by Serg. Shields while handcuffed in front of 4 officers." [<u>Id.</u> at 5]. For injuries, Plaintiff

alleges that he has suffered neck and back pain, difficulty sleeping, and depression since the incident. [Id. at 5]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc.

Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

3

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010).

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff has failed to state a claim under the Eighth Amendment. While Plaintiff alleges an objective use of force by Defendant Shields, Plaintiff does not allege any facts satisfying the subjective component, that is, that Defendant Shields acted with a sufficiently culpable state of mind. Plaintiff alleges no facts tending to show that the use of force on Plaintiff was not necessary, but rather applied maliciously and sadistically for the very purpose of causing harm. Plaintiff's Complaint, therefore, fails initial review.

The Court will, however, allow Plaintiff the opportunity to amend his complaint to state a claim for relief, if the facts support such an amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness

and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge