| | | |
|---|---|---|
| TEVIN PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU SHIELDS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Docs. 9, 9-1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I.  BACKGROUND

Pro se Plaintiff Tevin Patton ("Plaintiff") is a North Carolina state inmate currently incarcerated at Foothills Correctional Institution ("Foothills") in Morganton, North Carolina. He filed this action on October 19, 2021, pursuant to 42 U.S.C. § 1983, naming FNU Shield, identified as Sergeant at Foothills, as the sole Defendant. [Doc. 1]. Plaintiff made a "use of force claim," alleging only that, on September 2, 2021, while in the Foothills segregation dayroom, he "was placed in a choke hold from behind by Serg.

Shields while handcuffed in front of 4 officers." [Id. at 5]. On initial review of Plaintiff's Complaint, the Court found that Plaintiff failed to state a claim for relief because did not allege any facts satisfying the subjective component of an Eighth Amendment claim. That is, Plaintiff alleged no facts tending to show that the use of force on Plaintiff was not necessary, but rather applied maliciously and sadistically for the very purpose of causing harm. [Doc. 8]. The Court allowed Plaintiff 30 days to amend his complaint to state a cause of action. [Id. at 5].

Plaintiff has timely filed an Amended Complaint, [Docs. 9, 9-1], which is now before the Court on initial review. In his Amended Complaint, Plaintiff alleges the following:

> I was pushed against a wall which could of ended badly if I would have hit my head then I was placed in a choke hold and being told that they would "choke my a** out" I was also threating by Sgt Shields with him saying he would "pin my a** to the wall" before the use of force by him acured other staff members near by Officers Etheridge, Mangum, and Bass seen what happened....

[Doc. 9 at 7 (errors in original)]. Plaintiff attached a Disciplinary Report to his Complaint that documents two conflicting versions of the events leading up to and including the alleged use of force. [Doc. 9-1 at 2]. As to Defendant Shields' version, it states that he was escorting Plaintiff from the recreation cage back to his newly cleaned cell. Plaintiff had apparently flooded his cell

2

by stopping up his toilet with large amounts of toilet paper. Plaintiff, who was irate, stated "fuck yall, I'll burn this shit down." As Defendant Shields and Plaintiff entered the gate to the cells, Plaintiff jerked away from Shields and began to turn around toward Shields. Defendant Shields then secured Plaintiff against the wall and told Plaintiff to stop resisting. Plaintiff continued to push back against Shields, so Shields put his left arm around Plaintiff's chin and right hand on the back of Plaintiff's head to protect himself from assault by Plaintiff. Plaintiff reportedly stopped resisting after a short time and was returned to his cell without further incident. [Id.]. Officers Etheridge, Mangum, and Bass provided written statements consistent with Defendant Shield's account. [Id.].

As to Plaintiff's version of the events, the Report provides, in pertinent part, that Defendant Shields was squeezing Plaintiff's arm as Shields escorted Plaintiff to his cell. Plaintiff "tried to wiggle a little to ease the pressure" and Shields threw Plaintiff into a wall and choked him. Plaintiff claimed that Officers Etheridge and Mangum grabbed him and returned him to his cell. [Id.]. Plaintiff was charged with three infractions due to this incident to which he pleaded not guilty. [Id. at 3]. Plaintiff alleges that he has suffered neck and back pain from the incident that has caused difficulty sleeping. [Id. at 5].

3

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As previously noted, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010).

Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff's Eighth Amendment claim against

5

Defendant Shields is not clearly frivolous and survives initial review.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Eighth Amendment claim against Defendant Shields survives initial review.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Shields, who is alleged to be a current or former employee of the NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Shields, who is alleged to be a current or former employee of the NCDPS.

The Clerk is respectfully instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: December 17, 2021

Martin Reidinger
Chief United States District Judge